892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marianne LEE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-1305.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1990.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Marianne Lee ("Mrs. Lee") appeals from the order of the district court granting summary judgment for defendant United States in this wrongful death action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. This action arose from the death of Mrs. Lee's husband, Harvey James Lee ("Mr. Lee"), who was employed by General Dynamics as a driver-mechanic at their tank prototype facility in Centerline, Michigan.[1] While working for General Dynamics, Mr. Lee inhaled fumes produced by trichloro trifluororethane (liquid freon)[2] which resulted in his death.[3]
 
 
 2
 According to OSHA complaints and union grievances, General Dynamics has had a history of problems with the use of freon at their Warren facility. After an incident at the Warren facility on September 21, 1983, the United Auto Workers the union representing General Dynamics' workers, asked OSHA to investigate the Warren facility. A union representative telephoned OSHA on September 22 and a formal written complaint was served on September 29. OSHA responded the day after it received the formal complaint and sent an investigator to conduct an on-site inspection of the Warren facility. OSHA, however, was never requested to investigate the conditions at the Centerline facility where Mr. Lee died.
 
 
 3
 In her complaint, Mrs. Lee alleged that OSHA was negligent in carrying out its duties and that the Department of Defense was negligent in supervising the employees at the Centerline plant. Specifically, she contended that OSHA failed to: adequately investigate violations of OSHA regulations; respond to complaints about the use of freon; hire sufficient personnel to carry out its responsibilities; and warn Mr. Lee of the danger involved in using freon.
 
 
 4
 In granting defendant's motion for summary judgment, the district court held that Mrs. Lee's claims against OSHA must be dismissed as the court had no jurisdiction over federal tort claims arising out of the performance of a discretionary function. Furthermore, Mrs. Lee's negligence claims against the Department of Defense are barred because the government is not liable for torts committed by an independent contractor such as General Dynamics.
 
 
 5
 On appeal, Mrs. Lee argues that the district court erred in granting summary judgment for the United States as her claims against OSHA are not barred by the discretionary function exception of the Federal Tort Claims Act. 28 U.S.C. § 2680. Mrs. Lee also alleges that under Michigan law, she is entitled to a trial on the merits as the Department of Defense retained control of the work performed by its independent contractor General Dynamics.
 
 
 6
 After review of counsels' oral argument, the record, and the briefs submitted in this case, we find no error warranting reversal. The evidence is clear that Mrs. Lee's claims against OSHA are barred by the discretionary function exception and that General Dynamics, not the Department of Defense, maintained complete control and authority over the Centerline facility. Therefore, we AFFIRM the judgment of the district court, the Honorable Richard F. Suhrheinrich, Eastern District of Michigan, based upon the well-written and thorough analysis set forth in its order and judgment of January 12, 1988.
 
 
 
 [1]
 General Dynamics builds M-1 tanks pursuant to a contract with the Department of Defense. The tanks are manufactured at the Detroit Area Tank Plant in Warren, Michigan which is owned by the United States and leased to General Dynamics. The tank prototype facility, located in Centerline, Michigan, is owned by General Dynamics and is used to install experimental systems on existing tanks
 
 
 [2]
 Liquid freon is commonly used to clean grease and oil from machine parts. In its tank assembly process, General Dynamics uses liquid freon to clean oil and other fluids from the inside of tanks, to ensure that the hydraulic systems are not leaking, and to prepare the metal surfaces prior to painting. Freon evaporates at room temperature. The gas produced from its evaporation is odorless, colorless, and heavier than air. As a result, freon gas will settle in low areas and displace oxygen. Particularly in a closed area, for example a tank turret, freon gas will not escape out of the top hatch unless air blowers are used to pump air inside the turret. Freon is also dangerous if used improperly because it can exacerbate heart conditions and cause an irregular heart beat
 
 
 [3]
 Mr. Lee died while sitting in the driver's compartment of an M-1 tank. It is believed that during the previous evening, the tank had been flushed with freon solvent and the General Dynamics employees involved in the process did not use blowers to ventilate the tank prior to Mr. Lee's entering it. The autopsy report revealed that Mr. Lee died of heart failure caused by his inhalation of freon gas